UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Lynn Gordon, # 0150339, | ) **C/A No. 7:11-2572-HMH-JDA** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Brian Clayton Huncke; | ) |
| Det. Brian Wayne Keziah; | ) |
| Detective Eddie Cathey; | ) |
| Sheriff Trey Robinson | ) |
| District Attorney Christopher Bragg, | ) |
| Judge Sgt. B.D. Helms; | ) |
| A. E. Barnes, | ) |
| | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff states that he is a pre-trial detainee (for Union County, North Carolina) confined at the Craven Correctional Institution of the North Carolina Department of Correction. The North Carolina Department of Correction website (http://www.doc.state.nc.us) indicates that, although Plaintiff is in "SAFEKEEPER" status, he is also serving a total incarceration term of eight hundred forty-three (843) years, ten (10) months and seventeen (17) days for attempted first-degree murder. Plaintiff's conviction was entered on August 31, 2011, and he entered the North Carolina Department of Correction on September 1, 2011.

The caption of the Complaint does not "match" the party information on page 2 of the Complaint for all parties. Detective Huncke and Detective Eddie Keziah are detectives for the Union County (North Carolina) Sheriff's Department. Eddie Cathey is actually the Sheriff of Union County (North Carolina). Trey Robinson is not a Sheriff, but is the District Attorney for Union County (North Carolina). Plaintiff indicates that Christopher Bragg is a Judge in Union County (North Carolina), but he does not appear on any judicial directory of the North Carolina Court System (http://www.nccourts.org). Defendant Helms is actually a North Carolina District Court Judge for Union County. Three troopers of the North Carolina Highway Patrol are also named as defendants.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of the removal by detectives of Plaintiff from the Union County (North Carolina) Jail and his transportation to Pageland, South Carolina, for an investigation of crimes allegedly committed there.[1] Plaintiff contends that he was illegally taken from the Union County Jail to Pageland and was provided green tea, instead of insulin, so that he would provide information to the officers. During the trip to or from South Carolina, the detective driving the case "hit a Car or Truck Head-on, with Plaintiff in front seat in full restraints[,] waist chain and Cuffs restraining Plaintiff from any hand movement." It appears that the "troopers" named as defendants investigated the motor vehicle accident. In his prayer for relief, Plaintiff seeks appointment of counsel, a declaratory judgment,

---

[1] Plaintiff states that he was transported to Pageland, South Carolina. Pageland is a town in Chesterfield County, South Carolina. A search of the Public Index for the Chesterfield County Clerk of Court website http://publicindex.sccourts.org/chesterfield/publicindex/PISearch.aspx?, last visited on September 26, 2011) shows no Circuit Court cases or summary court (magistrate court) cases involving Plaintiff in Chesterfield County, South Carolina.

compensatory damages of two million dollars from each defendant, punitive damages of two million dollars from each defendant, a jury trial, court costs, and other relief deemed appropriate, proper, and equitable by this Court.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his/her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint contains indications that Plaintiff does not recall whether the wreck took place on the way to South Carolina or on the way back to North Carolina.[3] Plaintiff, however, states that he was charged with attempted murder as a result of the wreck. Since Plaintiff indicates that those criminal charges were filed in Union County, North Carolina, it can be inferred that the wreck took place in Union County, North Carolina.

All Defendants named in this case are local or state officials or employees in Union County, North Carolina. Union County (North Carolina) is southeast of Charlotte, North Carolina. Plaintiff's claims of deliberate indifference to his medical condition (diabetes) are facially cognizable. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."). Illegal extradition is also a facially cognizable claim. *See Wirth v. Surles*, 562 F.2d 319 (4th Cir. 1977), which was cited and reaffirmed in dicta in *Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005) (law enforcement officials must follow the clear mandates of state and federal extradition laws in the apprehension and transportation of fugitives; complaint alleging arrest and transportation of a fugitive without extradition proceedings does state cause of action pursuant to 42 U.S.C. § 1983).

Nonetheless, Defendants are not reachable by process issued by this Court or under South Carolina's long-arm statute, S.C. Code Ann. § 36-2-801, *et seq. See White v. Stephens*, 300 S.C. 241, 387 S.E.2d 260, 262-64 (1990); and *State v. NV Sumatra Trading Co.*, 379 S.C. 81, 666 S.E.2d 218 (2008). Moreover, Defendants have no

---

[3]Union County (North Carolina) is adjacent to Chesterfield County (South Carolina).

"minimum contacts" with South Carolina to permit a constitutionally-permissible assertion of personal jurisdiction by a South Carolina court over them.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 180 L.Ed.2d 796, 131 S.Ct. 2846 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro*, 180 L.Ed.2d 765, 131 S.Ct. 2780 (2011); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-99 (1980).

As noted by the district court in *Montalbano v. HSN, Inc.*, No. 11 C 96, 2011 WL 3921398 (N.D. Ill. Sept. 6, 2011), there are two (2) types of personal jurisdiction:

> Personal jurisdiction comes in two forms: general and specific.  Where the events that are the basis of the lawsuit do not arise out of and are not related to any activities within the forum state, the minimum contacts requirement is satisfied if the court has general jurisdiction — that is to say, jurisdiction stemming from the defendant's "continuous and systematic" contacts with the forum state.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, —— U.S. ——, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  The second form of personal jurisdiction is specific jurisdiction, which is appropriate where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  In either case, "each defendant's contacts with the forum state must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

2011 WL 3921398 at *2.

Defendants are not subject to general personal jurisdiction in South Carolina because they do not have continuous and systematic contacts with South Carolina. Defendants are not subject to specific personal jurisdiction in South Carolina because their

taking Plaintiff to Pageland was not purposefully directed at residents of South Carolina since Plaintiff was a resident of North Carolina at the time.

Union County (North Carolina) is in the Western District of North Carolina. 28 U.S.C. § 113(c). The United States District Court for the Western District of North Carolina clearly has personal jurisdiction over all Defendants. Hence, the above-captioned case should be transferred to the United States District Court for the Western District of North Carolina.

The United States District for the Western District of North Carolina, which has personal jurisdiction over Defendants, will be able to obtain any needed records relating to Plaintiff's various allegations, especially his allegations of deliberate indifference to his serious medical needs *Anderson v. Greenville County Detention Center*, Civil Action No. 9:09-1994-JFA-BM, 2009 WL 2924025, *2 (D.S.C. Sept. 11, 2009), which cites *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs). Also, the United States District Court for the Western District of North Carolina can conduct its own initial review of the Complaint pursuant to 28 U.S.C. § 1915A.[4]

---

[4]Two Defendants appear to be immune from suit. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009), and *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), with respect to prosecutorial immunity. *See also Mireles v. Waco*, 502 U.S. 9 (1991), and *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978), with respect to judicial immunity.

### *Recommendation*

It is recommended that this District Court transfer the above-captioned case to the United States District Court for the Western District of North Carolina. Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

September 27, 2011  
Greenville, South Carolina

Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).